[Crim. No. 4055.   Second Dist., Div. Three.   Feb. 19, 1947.]

THE PEOPLE, Respondent, v. JESTER H. BALT et al., Defendants; LOEL McMULLEN, Appellant.

172

William G. Kenney and Francis Jones for Appellant.

Robert W. Kenny, Attorney General, and Laughlin E. Watters, Deputy Attorney General, for Respondent.

WOOD, J.—Defendant McMullen appeals from an order denying his motion to vacate and set aside the judgment and sentence entered against him committing him to the state prison at San Quentin.

Appellant contends that the court should have referred him to the California Youth Authority.

The three defendants were charged with robbery, a felony, in seven counts. Defendant McMullen, the appellant herein, pleaded guilty as charged in count one—taking from the person of one Peter Wade the sum of $7.00 while armed with a .22 automatic pistol. He was granted leave to file an application for probation. Thereafter, at a hearing on March 12, 1946, the court found the crime to be robbery of the first degree as to count one; denied appellant's application for probation; refused to refer appellant (who was then 20 years of age) to the California Youth Authority; and sentenced him to the state prison at San Quentin for the term prescribed by law. The other counts were dismissed as to appellant.

On April 23, 1946, a motion to set aside the judgment and sentence was made and denied, but the court recommended that appellant be transferred immediately from the state prison to the State Institution for Men at Chino.

It is not disputed that appellant was eligible for referral to the Youth Authority, but the People contend that the matter of referral was discretionary with the trial court.

Section 1731.5 of the Welfare and Institutions Code, as amended in 1945, provides: ''After certification to the Gov-

ernor as provided in this article and until January 1, 1948, a court *may* refer to the Authority any person convicted of a public offense who comes within all of the following description: . . . If the Authority believes that any person referred to it as provided in this section can be materially benefited by . . . the Authority . . . it shall so certify to the court. The court shall thereupon commit said person to the Authority." (Italics added.) Section 15 of the Welfare and Institutions Code states that "shall" is mandatory and "may" is permissive. There can be no doubt that the term "may," as it is used in section 1731.5, was meant to be permissive. The Legislature further manifested an intention to make it so when, in amending the section in 1945, it deleted the words "shall commit," as formerly used in the first part of that section, and substituted the words "may refer." Prior to the 1945 amendment, the section provided: "After certification to the Governor . . . a court *shall commit* to the Authority any person convicted of a public offense. . . ." (Italics added.) The court was not required to refer him to the Youth Authority, but the matter was within the discretion of the trial judge.

Appellant also contends that the court's failure to refer him to the Youth Authority constituted an abuse of discretion. The record indicates, from the report of the probation officer, the argument of appellant's counsel, and the remarks of the judge during the hearing on the motion to set aside the judgment, that persons assigned to investigate appellant had formed favorable opinions of him. That the trial judge took those opinions, and others, into consideration in denying the motion is evident from his remark: "If I were to follow my own personal inclination, I would grant you your motion but sitting here as the court I have to weigh all the factors and this court cannot conscientiously change its original judgment." The court expressed the opinion that the appellant should be sent to Chino instead of San Quentin, but stated that it did not have the authority to commit him to Chino in the first instance. There was no abuse of discretion.

Although the question is not raised by the People, nor referred to in the record, a question arises herein as to whether the order denying appellant's motion is an appealable order. The general rule is that " 'Ordinarily a party who has a right to appeal from a judgment or order is not allowed to

move to set it aside and then appeal from an order denying his motion.' '' (*People* v. *Carkeek*, 35 Cal.App.2d 499, 503 [96 P.2d 132].) There are exceptions to the general rule, and it has been held that an order denying a motion to vacate a judgment of conviction is appealable where the question raised by the motion to vacate the judgment cannot be presented by the record on an appeal from the judgment. (*People* v. *Miller*, 140 Cal.App. 241 [35 P.2d 229].) It has also been held that an order denying such a motion is appealable where the judgment is void on the face of the record. (*People* v. *Flohr*, 30 Cal.App.2d 576 [86 P.2d 862].) In the case just cited, it was said at page 579: '' [T]hat where a judgment is not void or illegally entered, but is merely erroneous, an order denying a motion to vacate the same is not reviewable when the same points might have been presented upon an appeal from the judgment.'' If the remedy available to a defendant is an appeal from the judgment of conviction, an appeal from an order denying his motion to set aside the judgment would be equivalent to allowing two appeals from the judgment. (*People* v. *Simms*, 41 Cal.App.2d 466, 469 [107 P.2d 86].) Appellant herein filed his notice of motion to set aside the judgment after the time for appeal from the judgment had expired. An appeal from the order denying his motion, in effect, extends the time for appealing. It appears that the order is not appealable; however, as indicated above, there are exceptional circumstances under which an appeal may be taken from an order denying a motion to vacate a judgment, and, since the question of appealability was not raised by the People, we have considered the appeal and do not determine whether the instant case comes within the exceptions.

The order is affirmed.

Desmond, P. J., and Shinn, J., concurred.