[Crim. No. 2310. Third Dist. Jan. 25, 1952.]

THE PEOPLE, Respondent, v. JAMES GERALD DOYLE, Appellant.

James Gerald Doyle, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, J.—Appellant, who is 20 years of age, was accused in the Superior Court of Solano County of the crime of burglary to which he pleaded guilty. The degree of the burglary was fixed as of the second degree. Reference followed to the probation officer who reported against the granting of probation. His report was approved by the trial court and probation was denied. Thereupon appellant was

sentenced to imprisonment in the state prison for the term prescribed by law. The notice of appeal states that the appeal is taken from the final judgment of conviction and from the order denying defendant's motion for a new trial. The record shows that no motion for a new trial was made and consequently that appeal must be dismissed.

The sole contention advanced by appellant in his brief, which he filed in propria persona, is that the court erred in not referring him to the Youth Authority, which referral appellant apparently contends was mandatory under the statute. In this appellant is mistaken. Certification to the Authority is not mandatory at the present time, but is discretionary. Since 1945 section 1731.5 of the Welfare and Institutions Code has provided that the court *may refer* certain youthful offenders to the Authority. The Authority if it decides to accept them "shall so certify to the court and the court shall thereupon commit said person to the authority." The italicized word "may" is used in the permissive sense. (*In re McInturff,* 37 Cal.2d 876, 878 [236 P.2d 574]; *People* v. *Walker,* 82 Cal.App.2d 196, 202 [185 P.2d 842]; *People* v. *Balt,* 78 Cal.App.2d 171, 173 [177 P.2d 362].)

It does not appear from appellant's brief that he contends the trial court abused its discretion in refusing to refer him to the Authority. Abuse of the trial court's discretion can be reviewed on appeal. (*In re McInturff, supra; People* v. *Walker, supra.*) However, the record shows it could not be held that the trial court abused its discretion here. Appellant has exhibited recidivistic tendencies. His criminal career started early and had included various offenses. In March, 1947, he was charged with car theft in San Mateo County and declared a ward of the juvenile court; he was expelled from school for truancy in October of the same year, and in January following was again charged with car theft. This charge resulted in his commitment to the Youth Authority. He was unruly and difficult to handle while in juvenile hall before he was delivered to the Youth Authority. In August, 1949, he was fined for assault and battery, arrested for being drunk, and in June, 1950 he was charged with assault and battery, found guilty and sentenced to 30 days in the county jail. He has used marijuana, although claiming to have stopped its use a year before he was arrested for the crime herein involved. It appears that a parole officer connected with

the Authority did state to the trial court that it appeared to him appellant could benefit from a new commitment to the Youth Authority and defendant urges that he made restitution of the personal property he feloniously took from the victim of the burglary and offered to make restitution of the cash involved.

All these matters are shown by the record to have been considered by the trial court which thereupon decided that he should not be sent back to the Authority but on the contrary should be sentenced to the state prison. It is clear that there was nothing approaching an abuse of discretion in this case.

The purported appeal from the order denying new trial is dismissed. The judgment appealed from is affirmed.

Adams, P. J., and Peek, J., concurred.