[Crim. No. 6414. First Dist., Div. One. May 29, 1968.]

**THE PEOPLE, Plaintiff and Respondent, v. EDWARD E. SPARKS et al., Defendants and Appellants.**

Robert H. Frank, under appointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Karl S. Mayer, Deputy Attorneys General, for Plaintiff and Respondent.

MOLINARI, P. J.—A jury found defendants Edward Sparks and Leonard Sparks, who are brothers, guilty of second degree robbery. The trial court denied probation and sentenced both defendants to state prison. On appeal from the judgment of conviction each defendant contends, first, that since the record is silent as to whether or not the court considered referring him to Youth Authority, we must presume that the court did not consider such referral, and further that such failure to exercise discretion to refer defendants to the Youth Authority under Welfare and Institutions Code section 1731.5[1] requires that we remand the case so that the trial court may exercise its discretion. Alternatively, defendants argue that the court abused its discretion in failing to refer them to the Youth Authority. The probation reports reveal that Leonard was 19 and Edward was 18 years of age at the time of apprehension. Neither defendant requested referral to the Youth Authority.

We turn, first, to the question whether the trial court has a duty to consider, *sua sponte,* referral to the Youth Authority in every case wherein the defendant qualifies for Youth Authority commitment. There are no cases dealing with this question. Adverting to section 1731.5 we note, preliminarily,

---

[1]Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

that, in the part pertinent to this case, it provides as follows:
". . . a court may refer to the authority any person convicted
of a public offense who . . . is found to be less than 21 years
of age at the time of apprehension; . . ."[2]

A useful analogy may be drawn from the statutes dealing
with commitments of mentally disordered sex offenders.
(Former §§ 5500-5514, now §§ 6300-6318.) Here section 5501,
like section 1731.5, provided that the court *may* certify
certain defendants for a hearing on the question of sexual
psychopathy when there is cause to believe such certification
would be appropriate. Although the statutory language is
thus permissive and the court has discretion in the matter, the
case of *People* v. *Westbrook*, 62 Cal.2d 197, 205-206 [41
Cal.Rptr. 809, 397 P.2d 545], nevertheless held that when
there is an abundance of facts indicating that the defendant
is a sexual psychopath, then the court *must* invoke section
5501 on its own motion. The facts of that case indicated that
the defendant "needs and has been begging for hospitaliza-
tion and treatment for a psychiatric condition." (*People* v.
*Westbrook, supra*, at p. 205.)

In the present case there is no indication that defendants
are in need of commitment to the Youth Authority in the
same sense that the defendant needed hospitalization in *West-
brook*. ██ However, all the facts do indicate the *eligi-
bility* of both defendants for Youth Authority commitment.
We believe that this circumstance alone is enough to require
the court to consider referring them to the Youth Authority.
We are persuaded to this conclusion because the statutes in
the area of Youth Authority commitments and the decisions
construing them indicate a strong policy in favor of attempt-
ing to rehabilitate youthful offenders through the Youth
Authority facilities whenever possible. Thus, section 1700
provides that "The purpose of this chapter is to protect soci-
ety more effectively by substituting for retributive punish-
ment methods of training and treatment directed toward the
correction and rehabilitation of young persons found guilty of
public offenses. To this end it is the intent of the Legislature
that the chapter be liberally interpreted in conformity with
its declared purpose." This purpose is articulated as follows

[2]Both parties agree that defendants here qualified for commitment to
the Youth Authority under section 1731.5, inasmuch as both were under
21 years of age at the time of their apprehension, were not sentenced to
death, life imprisonment, or less than 90 days' imprisonment, and were
not granted probation.

in *People* v. *Walker,* 82 Cal.App.2d 196, 202-203 [185 P.2d 842] : ". . . a trial court should not be too hesitant.in referring a youthful offender to the Authority in accordance with the stated purpose of the act; particularly is this true where, as here, there is any possibility that he may be found to be a proper subject for commitment thereto." We note, moreover, that the statutes expressly require the court to determine whether a defendant is under 21 years of age in any criminal proceeding in which a defendant is convicted of a public offense for which the court has power to commit him to the Youth Authority. (§ 1731.) The obvious purpose of such a requirement is to direct the court's attention to the defendant's eligibility for Youth Authority commitment and to the appropriateness of such a commitment.

 In light of the foregoing, we conclude that in every criminal case involving juveniles eligible for Youth Authority commitment, the court should, on its own motion if necessary, consider whether the defendant could benefit from referral to the Youth Authority.[3]

Our next inquiry, then, is whether we may presume that the trial court fulfilled its duty in the face of a silent record. It is presumed that official duty has been regularly performed. (Evid. Code, § 664.) Such a presumption is one affecting the burden of proof (Evid. Code, § 660), the effect of which is to impose upon defendants the burden of proving that the trial court did not consider making such a referral. (Evid. Code, § 606.) The presumption that a court has regularly performed its official duties has been applied in other analogous areas of criminal law in cases that have applied Code of Civil Procedure section 1963, subdivision 15, the statutory predecessor of Evidence Code section 664. (See *In re Patterson,* 58 Cal.2d 848, 853 [27 Cal.Rptr. 10, 377 P.2d 74] (presumed the trial court considered the probation report before referring the defendant to the Youth Authority) ; *People* v. *Montgomery,* 135 Cal.App.2d 507, 514-515 [287 P.2d 520] (presumed the trial court considered the probation report before

---

[3]Both parties agree that the court does not have a duty to refer either defendant to the Youth Authority. Since 1945, Welfare and Institutions Code section 1731.5 has provided that a court "may refer" certain defendants to the Youth Authority, and the cases have all interpreted this language to be permissive rather than mandatory, that is, the court has discretion whether or not to refer a defendant to the Youth Authority. (See, e.g., *People* v. *Doyle,* 108 Cal.App.2d 827, 828 [240 P.2d 40]; *People* v. *Walker, supra,* 82 Cal.App.2d at pp. 199-201.) The contention here is simply that the court has a duty to exercise its discretion in this matter.

denying probation) ; *People* v. *Cruz,* 178 Cal.App.2d 83, 87-88 [2 Cal.Rptr. 868] (presumed the trial court considered sufficiency of the evidence on a motion for new trial) ; *People* v. *Cowan,* 38 Cal.App.2d 144, 151 [100 P.2d 1079] (presumed the court determined the accused was sane for purposes of standing trial).)

In the instant case the record is silent as to whether the trial court considered referral to the Youth Authority and defendants did not request a referral. The record does disclose, however, that the trial court did read and consider the probation reports in relation to each defendant. These reports disclosed the respective ages of defendants, their prior records, a statement of the nature of the present offense, their family history and environment, and other social factors such as education and employment. Accordingly, the trial court considered matters relevant to the question of whether defendants should have been referred to the Youth Authority, since such reports are a proper source of information for exercising discretion under section 1731.5. (See *People* v. *Hutson,* 221 Cal.App.2d 751, 755-756 [34 Cal.Rptr. 790].)

Defendants argue that the trial court did not consider such referral because it did not prepare, *sua sponte,* some written memorandum or opinion to the effect that it had considered referring them and rejected that possibility. There is no such requirement under the Youth Authority Act or the Penal Code. (See *People* v. *Hutson, supra,* at p. 756.) The only requirement is that the court consider and determine the defendant's eligibility for commitment to the Youth Authority. ■ In the present case there is no showing by defendants that the trial court did not give due consideration to their referral to the Youth Authority. The presumption that the trial judge performed his official duty is, therefore, here applicable. This presumption, moreover, is buttressed by the fact that the trial court did read and consider the matters contained in the probation reports, which were a source of advice in exercising discretion under section 1731.5. Accordingly, we must conclude that such referral was duly considered and that the trial court determined that defendants were not suitable for the rehabilitation program of the Youth Authority.

■ Our final inquiry is whether the trial court abused its discretion in failing to refer defendants to the Youth Authority. No cases have been found holding that a failure to refer a defendant to the Youth Authority constitutes an abuse

of discretion. One case, *People* v. *Walker, supra*, 82 Cal.App. 2d at page 202, remanded for further proceedings because it was apparent from the record that the trial court had errone-ously thought that it had no discretion to refer the defendant to the Youth Authority. The appellate court, therefore, remanded so that the trial court could exercise its discretion.

In *People* v. *Doyle, supra*, 108 Cal.App.2d at page 828, it was held not an abuse of discretion to refuse to refer a 20-year-old defendant convicted of second degree burglary to the Youth Authority, where he had two priors each of car theft and assault and battery, had been previously committed to the Youth Authority and was unruly and difficult, and had used marijuana. In *People* v. *Binder*, 135 Cal.App.2d 662, 665 [288 P.2d 48], it was held not an abuse of discretion to refuse to refer a 20-year-old defendant convicted of first degree robbery to the Youth Authority, where he had received a suspended sentence on a former assault charge, had tied, gagged, and threatened the victims of the robbery, and had used the proceeds of the crime to import marijuana. No abuse of discretion was found in *People* v. *Hutson, supra*, 221 Cal.App. 2d at page 755 in refusing to refer to the Youth Authority a 19-year-old defendant who pleaded guilty to three counts of vehicular manslaughter and one count of felony drunk driv-ing. And in *People* v. *Balt*, 78 Cal.App.2d 171, 173 [177 P.2d 362], such a refusal was held proper where a 20-year-old defendant was convicted of first degree robbery.[4]

It is apparent that the few reported decisions in this area have not articulated any hard and fast standards. It appears, moreover, that each case must be governed by its own particu-lar circumstances. In the present case, aside from the facts relating to the instant offense showing that defendants lured a cab driver into a deadend street and robbed him at the point of a gun, the probation reports, which recommended a denial of probation, indicate the following: Edward, who was 18 at the time of his apprehension, had a prior record of many juvenile offenses including bicycle theft, petty theft, joyrid-ing, attempted rape and purse snatching, and had spent a total of 11 months at two separate boys' camps. Leonard, who was aged 19 when apprehended and had worked at one time for a neighborhood youth corps, had a record of driving with-out a license, resisting arrest, and attempted auto theft, and was picked up on a charge of loitering while on bail awaiting trial on the present offense.

---

[4]The opinion does not state any of the background facts.

From a review of the record before us in the instant case, we are satisfied, notwithstanding our predilections, that it cannot be held that the trial court abused its discretion. In view of defendants' extensive prior records, the determination that they did not present hopeful prospects of rehabilitation under the aegis of the Youth Authority was not against reason. Since reasonable minds might differ as to defendants' suitability for the Youth Authority program, the trial judge acted within the area of his discretion. (See *Brown* v. *Gordon*, 240 Cal.App.2d 659, 666-667, 670 [49 Cal.Rptr. 901].)

The judgments are affirmed.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied June 24, 1968, and appellants' petition for a hearing by the Supreme Court was denied July 24, 1968.