[No. F002787. Fifth Dist. Mar. 14, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES RAY MACK, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

Jeffry Glenn, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**REID, J.**\*—Appellant, Charles Ray Mack, was convicted by jury verdict of daytime residential burglary and an allegation that he had previously been convicted of robbery was found to be true. Probation was denied and appellant was sentenced to the median base term of two years, plus the consecutive term of five years for the prior serious felony conviction, for a total term of seven years. Appellant appeals contending: (1) that the trial court committed prejudicial error in failing to weigh probative value against prejudicial effect in its determination to allow evidence of appellant's prior robbery conviction for impeachment purposes; (2) that the five-year enhancement sentence pursuant to Penal Code section 667, subdivision (a) must be reduced to two years to conform to the "double the base term" limitation of Penal Code section 1170.1, subdivision (g); and (3) that the case should be remanded to the trial court with directions to consider exercising its Penal Code section 1385 discretion to strike or stay sentence on the prior felony conviction. For the reasons set forth hereinafter, we find each of appellant's contentions to be without merit and affirm the judgment of the trial court.

### FACTS

On October 29, 1982, Louise Mae Laird left her home at 336 East Stanislaus in Fresno at approximately 10 a.m. Upon leaving, she locked the house with the exception of a window in her children's bedroom. She returned at about 3 p.m. the same day and found that the house had been entered and a black and white console television and a microwave oven were missing.

Joel Smith, a janitor at Columbia Elementary School across the street from Mrs. Laird's residence, testified that on October 29, 1982, he knew both appellant and Mrs. Laird because they were neighbors who he saw come and go on a frequent basis. At approximately 2 p.m. of that day, he observed a Buick parked in the driveway of Laird's house with a large television sitting in the trunk and saw appellant, together with a Black woman and a Mexican-looking man, walking back and forth between appellant's house and that of Mrs. Laird. This activity continued for 15 to 20 minutes. Finally, the vehicle was driven away by a third man who had been seated in the vehicle, and Mr. Smith observed appellant, the Mexican-looking man and the Black woman walking away down the street in the same direction the car travelled.

Mrs. Laird testified that a few weeks after the burglary appellant told her that he was attempting to get her property back for her and that he wanted

---

\*Assigned by the Chairperson of the Judicial Council.

her to drop the charges. Appellant told her that he and another individual named Joe Wesley had committed the burglary and that appellant had actually entered the house. Appellant's common law wife, Cordelia Easter (Mrs. Mack), also stated to Mrs. Laird that they would try to obtain the return of her property. Mrs. Laird never recovered her television but the microwave was returned to her by appellant's wife who indicated she paid $90 for it and requested Mrs. Laird not press charges.

Appellant testified in his own behalf and denied that he had admitted to Mrs. Laird at any time that he had any involvement with the burglary. He did acknowledge that he had told her that he knew who the burglar was and that he would attempt to recover her property if she would agree not to prosecute him, but he emphatically denied that he had admitted guilt to her or indicated to her that he was in any way responsible for the burglary.

In the course of his testimony at trial appellant did admit that he was present during much of the time the burglary was occurring even though he denied having participated in the crime. According to him, he left his home for work on the date of the burglary at about 8 a.m. and then returned at about 9 a.m. to make sure the house was locked. He later returned at about 2 p.m. and observed a brown Buick parked in his driveway and an unknown woman and a Mexican male named Joe moving a microwave oven and a black and white console television from Mrs. Laird's home and into the car.

Appellant denied that he at any time entered Mrs. Laird's home. He testified that he had gone to her door to find out what was going on and had had a conversation with one of the burglars, a man whom he knew as Joe-Joe. He acknowledged having walked back and forth between the two houses while the burglary was occurring and further admitted having walked away from the scene with Joe-Joe and then having had a couple of drinks with him, even though he knew that Joe-Joe was responsible for stealing from appellant's good friend and neighbor, Mrs. Laird.

Cordelia Easter (Mrs. Mack) testified on appellant's behalf that twice on the day of the burglary Mrs. Laird accused her and appellant of having entered her home and stolen her property. Neither Cordelia nor appellant admitted doing so but, out of friendship, offered to help her recover the stolen items. Three days later, Cordelia and appellant went to Mrs. Laird's home at which time Mrs. Laird told appellant "You're going to get my stuff or else I'm going to put you in jail." A fight developed when Cordelia objected to Mrs. Laird's accusations and threats, in which Mrs. Laird's 15-year-old son attacked both Cordelia and appellant with a pair of scissors and drove them from the house. According to Cordelia, despite the fact that the parties had been close friends, problems had recently developed because

appellant had been going over to see Mrs. Laird on a daily basis causing Cordelia to suspect they were having an affair and prompting her to put a stop to the visits.

Concerning the return of the microwave oven, Cordelia testified that she eventually located the individual who was supposed to have purchased the stolen property and paid him $90 to recover the item. She did this because she felt that Mrs. Laird was a friend of hers to whom she owed a favor and not because she wanted Mrs. Laird to drop the charges against appellant. Appellant, on the other hand, testified he was willing to pay $90 to recover Mrs. Laird's microwave because he concluded this was the price he'd have to pay to avoid Mrs. Laird falsely pressing charges against him.

## DISCUSSION

### I-II*

. . . . . . . . . . . . . . . . . . . . . .

### III.

THE TRIAL COURT'S FAILURE TO EXERCISE PENAL CODE SECTION 1385 DISCRETION WHETHER TO IMPOSE SENTENCE FOR, STRIKE, OR STAY THE ENHANCEMENT FOR A PRIOR CONVICTION PURSUANT TO PENAL CODE SECTION 667.

Appellant's final contention is that the trial court failed to consider the discretion conferred by Penal Code section 1385 to dismiss the prior in furtherance of justice and thus avoid the necessity for imposing the five-year enhancement sentence mandated by Penal Code section 667. Appellant urges that the case "be remanded to the trial court to permit it to exercise its discretion, if it so chooses in the interests of justice, to dismiss or stay sentence on the prior conviction."

During the course of trial, appellant's counsel moved the trial court to strike the allegation of a prior felony conviction on the ground that the statute under which the prior was alleged for enhancement purposes was ex

---

*See footnote *ante,* page 1026.

post facto and thus constitutionally void. The court denied the motion to strike, expressing the opinion that the motion would be more appropriately made at the time of judgment but nonetheless expressly finding that there was no constitutional impediment to enhancing any sentence defendant might receive by use of the alleged prior conviction, even though enhancement might be limited to one year rather than the full five years specified by Penal Code section 667.

At the time of sentencing, the motion to strike the alleged prior was not renewed nor did the appellant suggest that the trial court might temper justice with mercy by an exercise of Penal Code section 1385 discretion. However, in sentencing appellant the court did reject appellant's request that it adjourn proceedings pursuant to Welfare and Institutions Code section 3051 on the ground that appellant was an "unfit party" because of "excessive criminality." And, finally, in sentencing appellant to an aggravated term of seven years, the trial court stated as follows: "The Court finds that the following Rule 410 sentencing objectives are applicable in this case: That imprisonment appears to be warranted for purpose of protecting society, punishing defendant, achieving uniformity of sentencing and preventing him from committing additional crimes during the term of incarceration."

Section 1385 of the Penal Code expressly requires that the "reasons of the dismissal must be set forth in an order entered upon the minutes" in the event the judge or magistrate exercises discretion in favor of a dismissal in furtherance of justice. In light of the court's finding of "excessive criminality" and its specification of rule 410 objectives, it is difficult to perceive how the court could have found on the record reasons for a dismissal of the prior or a stay of execution of the sentence thereon that would fit the requirement that the court's discretion be "reasonably exercised" in the interests of the people as well as the appellant. (*People* v. *Orin* (1975) 13 Cal.3d 937, 949 [120 Cal.Rptr. 65, 533 P.2d 193].) Nonetheless, it is contended by appellant that the trial court's failure to consider its discretionary power pursuant to section 1385 justifies a remand with directions that it do so.

Respondent has contended in its brief that the discretionary power of Penal Code section 1385 is not applicable to a serious felony prior conviction that is used to enhance pursuant to Penal Code section 667. However, since the filing of respondent's brief, the California Supreme Court has determined otherwise. (*People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833].) Specifically addressing the argument that the adoption of Penal Code section 667 and article I, section 28, subdivision (f) of the Constitution abrogated the trial court's Penal Code section 1385 power to strike a serious felony, the Supreme Court in *Fritz* stated: "Neither section,

however, contains any express language indicating that it was intended to eliminate a trial court's section 1385 power with respect to the serious felony enhancement adopted in section 667, and nothing in the ballot analysis or arguments which were before the voters suggests such a purpose. Although section 667 does contain mandatory language—'[a]ny person convicted of a serious felony . . . *shall* receive . . . a five-year enhancement for each such prior conviction'—[*People* v.] *Williams* [(1981) 30 Cal.3d 470 (179 Cal.Rptr. 443, 637 P.2d 1029)] and [*People* v.] *Burke* [(1956) 47 Cal.2d 45 (301 P.2d 241)] plainly hold that such language alone is not sufficient to eliminate a trial court's power to strike." (*People v. Fritz, supra,* 40 Cal.3d at pp. 230-231.)

Because the record revealed that the trial court erroneously believed it had no discretion to strike the prior, the California Supreme Court in *Fritz* reversed and remanded with directions to resentence defendant in light of the *Fritz* opinion. The present case, however, presents a silent record on the issue of whether the trial judge did or did not believe he had discretion to strike the prior under Penal Code section 1385, and the question remains open for decision by this court concerning whether a remand under such circumstances is required.

■ It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties. (Evid. Code, § 664; see *In re Johnson* (1965) 62 Cal.2d 325, 330 [42 Cal.Rptr. 228, 398 P.2d 420]; *People* v. *Sparks* (1968) 262 Cal.App.2d 597, 600-601 [68 Cal.Rptr. 909].)

■ Absent evidence to the contrary, that presumption justifies a finding in this case that the trial court knew the scope of the Penal Code section 1385 discretion available to it in relation to the five-year enhancement and failed to exercise it in appellant's favor because to do so would have been inappropriate. ■■ Appellant has the burden of showing error by an adequate record and has failed to sustain his burden. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeals, § 419, pp. 417-418.)

While Penal Code section 1385 discretion may appropriately be exercised in dismissing serious felony priors, the trial court is not required to state reasons for declining to exercise its discretion to strike a section 667 enhancement. (*People* v. *Langevin* (1984) 155 Cal.App.3d 520, 525 [202 Cal.Rptr. 234].) The enhancement provision of section 667 is mandatory absent a valid exercise of Penal Code section 1385 discretion. Where sentencing comprises the imposition of a mandatory additional prison term, such a proceeding is not a "sentence choice" which is required to be ex-

plained for the record. (*People* v. *Johnson* (1980) 104 Cal.App.3d 598, 611-612 [164 Cal.Rptr. 69].)

The record before us sets forth the finding of the trial court, supported by the evidence, that appellant had in fact suffered a prior felony robbery conviction within the meaning of Penal Code sections 667, subdivision (a) and 1192.7, subdivision (c)(19). The record thus satisfies the requirement that the statutory conditions for imposing the enhancement be found to exist. (*People* v. *Johnson, supra,* 104 Cal.App.3d at p. 612.) The trial court was not obligated to set forth reasons for declining to exercise discretion to avoid imposing the mandatory enhancement. It is only where the trial court chooses to exercise its discretion pursuant to section 1385 that it is required to state reasons on the record. (*People* v. *Price* (1984) 151 Cal.App.3d 803, 820 [199 Cal.Rptr. 99].) In the face of a silent record where appellant has failed to request the trial court to exercise its section 1385 discretion, the reviewing court should not conclude error occurred where the appellant was sentenced to the mandatory five-year enhancement of section 667.

Even if the court erroneously believed it lacked discretion to strike the five-year enhancement for sentencing purposes, the error was clearly harmless. In sentencing appellant the trial court noted appellant's "long history of sometimes violent and aggressive behavior," the possibility that if appellant were not imprisoned "he could potentially pose a danger to others in the community," that appellant had a "lengthy record of repeated involvement in criminal activity dating back to January 12th of 1971," that appellant had previously been charged with drunk driving in a case which resulted in a death, and that appellant had again been placed on probation for drunk driving the previous year. In addition, the court observed that appellant has had "problems in probation adjustment" and has consistently performed poorly on probation, that he was observed by his sister-in-law to be smoking PCP and becoming out of control, that his juvenile and adult convictions were "numerous," that he had been on probation at the time he committed the instant offense, and that there were no circumstances in mitigation.

The probation report that the court had before it fully supported the court's comments at the time of sentencing, together with its statement of rule 410 sentencing objectives and its conclusion that appellant was unfit for civil addict commitment proceedings (Welf. & Inst. Code, § 3051) because of excessive criminality. Under the circumstances, it is simply not reasonably probable the trial court would or could properly have exercised discretion to impose any sentence that did not involve the five-year enhancement under Penal Code section 667. (*People* v. *Watson, supra,* 46 Cal.2d 818,

836.) The record is devoid of any indication the trial judge acted arbitrarily or irrationally or that he somehow abused his discretion in failing to exercise the power under Penal Code section 1385 to strike the prior conviction.

The judgment is affirmed.

Hanson (P. D.), Acting P. J., and Best, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 29, 1986.