Filed 5/14/13  P. v. Villicana CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD VILLICANA,<br><br>    Defendant and Appellant. | 2d Crim. No. B243810<br>(Super. Ct. No. 2010026459)<br>(Ventura County) |

Edward Villicana appeals from the judgment entered following his guilty plea to threatening to commit a crime that would result in death or great bodily injury (Pen. Code, § 422, subd. (a)),[1] actively participating in a criminal street gang (§ 186.22, subd. (a)), and inflicting corporal injury upon a cohabitant.  (§ 273.5, subd. (a).)  Appellant admitted one prior serious felony conviction (§ 667, subd. (a)(1)) and one prior conviction ("strike") within the meaning California's "Three Strikes" law.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)  The trial court dismissed the strike and sentenced appellant to prison for seven years, eight months.

Appellant contends that the trial court abused its discretion in denying probation.  In addition, he contends that the court failed to exercise its discretion in determining the length of his prison sentence.  We affirm.

---

[1] All statutory references are to the Penal Code.

1

*Facts*

Since there was no trial, the following facts are taken from the transcript of the preliminary hearing:

Officer Edward Kasaba went to a residence in Oxnard in response to a report of a domestic incident. He met Lillie Perez, who complained that her live-in boyfriend, appellant, had punched her in the face. As a result of the blow, Perez's upper lip was swollen and cut.

While Kasaba was questioning Perez, appellant telephoned the house phone. Kasaba answered the phone and identified himself as "Frank." Appellant asked to speak to Perez, but Kasaba said that she was busy and could not come to the phone. Appellant replied, "[T]ell that bitch to call me back within five minutes or I'm going to come over there and drag her out."

Appellant hung up, but called back a few minutes later. Kasaba again answered the phone. Appellant said "that he was Lalo from Colonia Chiques and that [Kasaba] had better watch out because he's on his way over." Approximately 10 minutes later, appellant arrived at the residence and was arrested.

A gang expert testified that appellant is an active member of Colonia Chiques, a criminal street gang.

*Guilty Plea and Sentencing*

Appellant pleaded guilty with the expressly stated "understanding that the Court [would] sentence [him] to no more than seven years, eight months." The court dismissed the strike and imposed the middle term of two years for actively participating in a criminal street gang (count 2), plus a consecutive five-year term for the prior serious felony conviction. (§ 667, subd. (a)(1).) It added a consecutive sentence of eight months for inflicting corporal injury upon a cohabitant (count 3).[2] It reduced the criminal threats

---

[2] The consecutive sentence on count 3 should have been one year - one-third the middle term of three years. (§§ 273.5, subd. (a), 1170.1, subd. (a).) But because of the plea bargain, the consecutive sentence was limited to eight months.

2

conviction (count 1) to a misdemeanor and imposed a concurrent county jail sentence of one year. Appellant's aggregate sentence was seven years, eight months, the maximum allowed under the plea bargain.

Defense counsel stated, "[T]he defense has accepted seven years, eight months as a fair sentence." But counsel asked the court "to consider running" the sentence on count 3 concurrently with the sentence on count 2.[3] Counsel argued that "seven years is a sentence that adequately addresses the criminal behavior in this case and adequately addresses the problem that [appellant] has."

The prosecutor objected: "[T]his was a negotiated disposition, and I believe it's disingenuous at this point to make this request." The court responded, "I do believe it was a negotiated sentence." Nothing more was said concerning counsel's request for a concurrent sentence on count 3.

### Denial of Probation

Appellant contends that the trial court abused its discretion in denying probation. But in the Felony Disposition Statement, appellant initialed a provision stating, "I will not be granted probation." Thus, the trial court lacked discretion to grant probation because the denial of probation was an element of the plea bargain.

### Alleged Failure to Exercise Discretion in
### Determining the Length of Appellant's Prison Sentence

Appellant argues that the trial court mistakenly believed that the plea bargain mandated a seven-year, eight-month prison sentence. This mistaken belief "led the [trial] court to exercise no discretion in deciding whether . . . to impose a particular sentence. Therefore, this Court should vacate the sentence and remand the case for resentencing with directions to the [trial] court to weigh the mitigating and aggravating factors appropriate to appellant's case and determine the appropriate sentence."

Appellant focuses on the trial court's statement that the seven-year, eight-month sentence "was a negotiated sentence." Appellant points out that this sentence was a

---

[3] Counsel mistakenly referred to count 3 as count 1.

3

"sentence lid" that protected him from the imposition of a greater sentence. (*People v. Shelton* (2006) 37 Cal.4th 759, 768.) When the parties negotiate a maximum sentence, i.e., a sentence lid, they obviously mean something different than if they had bargained for a *specific* or *recommended* sentence. " 'By agreeing only to a maximum sentence, the parties leave unresolved between themselves the appropriate sentence within the maximum. That issue is left to the normal sentencing discretion of the trial court, to be exercised in a separate proceeding.' " (***Id.***, at p. 770.)

When, as here, a defendant believes that a negotiated disposition has been breached, he must move to withdraw his plea of guilty in the trial court. He is precluded from obtaining relief on appeal. (*People v. Barajas* (1972) 26 Cal.App.3d 932, 937; see also Cal. Rules of Court, rule 4.412.)

The trial court's statement that the seven-year, eight-month sentence "was a negotiated sentence" is ambiguous. The statement could be interpreted as meaning that this sentence was a negotiated sentence lid. "[A] judgment is presumed correct, all intendments and presumptions are indulged in its favor, and ambiguities are resolved in favor of affirmance. [Citations.]" (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 765-766, accord, *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Furthermore, "[i]t is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties. [Citations.]" (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032.) Accordingly, we presume that the trial court was aware that the seven-year, eight-month sentence was a sentence lid and that it had discretion to impose a lesser sentence. We also presume that the trial court exercised its discretion and determined that the sentence lid was the appropriate sentence.

Appellant contends that the trial court's "failure to state reasons in support of its [sentencing] choices constitutes a second ground for reversal." This contention is forfeited because appellant did not request that the trial court state reasons for imposing the sentence lid. Appellant's counsel told the court that "the defense has accepted seven years, eight months as a fair sentence." "[C]omplaints about the manner in which the

4

trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) "Included in this category are cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it . . . failed to state any reasons or give a sufficient number of valid reasons." (***Id***., at p. 353.)

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

Kenneth W. Riley, Judge

Superior Court County of Ventura

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan Steiner, Executive Director and Richard Lennon, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Stacy S. Schwartz, Deputy Attorney General, for Plaintiff and Respondent.