Filed 3/7/16  P. v. Romo CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039998 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1236879) |
| v. | |
| JOSE LUIS ROMO, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant Jose Luis Romo pleaded no contest to assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1], admitted he had a prior conviction that qualified as a "strike" (§§ 667, subds. (b)-(i), 1170.12), and admitted he had served a prior prison term (§ 667.5, subd. (b)).  The trial court imposed a six-year prison term and a $280 restitution fine (§ 1202.4, subd. (b)).

On appeal, defendant contends the $280 restitution fine should be reduced by $40. Defendant contends the imposition of a $280 fine violates his rights under the ex post facto clauses of the state and federal constitutions, because the minimum restitution fine was $240 at the time of his offense, and the trial court indicated it intended to impose the

---

[*] Before Bamattre-Manoukian, Acting P.J., Mihara, J., and Grover, J.

[1] All further statutory references are to the Penal Code unless otherwise indicated.

minimum fine at the sentencing hearing.  Defendant also contends his trial counsel was constitutionally ineffective for failing to object to imposition of the $280 restitution fine.  For reasons that we will explain, we will affirm the judgment.

## I.  BACKGROUND

The facts underlying defendant's offense are not relevant to the issue raised on appeal.  The complaint alleged that the offense—assault by means of force likely to produce great bodily injury—occurred "[o]n or about and between July 15, 2012 and July 16, 2012."  Defendant pleaded no contest to the assault on October 5, 2012, and was sentenced on August 2, 2013.

In 2012 (the year defendant committed the assault), section 1202.4, subdivision (b)(1) provided that the amount of a felony restitution fine "shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013 . . . ."  (Stats. 2011, ch. 358, § 1.)

The probation report prepared in defendant's case recommended the trial court impose a six-year prison term and a restitution fine of $1,440 "under the formula permitted by Penal Code Section 1202.4(b)(2)."  The formula specified in section 1202.4, subdivision (b)(2) is "the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."  The probation officer appears to have used the $240 minimum fine in effect at the time of defendant's offense as the basis for this calculation, as $240 times six years equals $1,440.

At defendant's sentencing hearing, the trial court imposed the recommended six-year prison term.  Defendant's trial counsel requested the trial court impose "a more

standard non-prison type of restitution fine" instead of the amount recommended in the probation report. The trial court responded, "I will impose a restitution fine of $280 and that's being imposed pursuant to Penal Code section 1202.4(b)(2)."

## II.    DISCUSSION

Defendant contends that the trial court intended to impose the minimum restitution fine and, because the minimum restitution fine was $240 at the time of his offense, imposition of a $280 restitution fine violated the ex post facto clauses of the state and federal constitutions.

As this court recently recognized, "The prohibition against ex post facto laws applies to restitution fines. [Citations.]" (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189 (*Martinez*).)  This court also recognized, "[T]he rule of forfeiture is applicable to ex post facto claims [citation], particularly where any error could easily have been corrected if the issue had been raised at the sentencing hearing." (*Ibid.*)  In the present case, because defendant did not object to imposition of the $280 restitution fine at his sentencing hearing, we must review his ex post facto claim under the prism of his claim that he received ineffective assistance of counsel because his trial counsel failed to make that objection on his behalf.

To prevail on an ineffective assistance of counsel claim, defendant must show (1) his trial counsel's deficient performance and (2) prejudice as a result of that performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.)  Deficient performance is established if "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," under "prevailing professional norms." (*Id.* at p. 690.)  Prejudice is established if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id.* at p. 694.)

3

In *Martinez*, the probation officer recommended a $12,320 restitution fine under the formula set forth in section 1202.4, subdivision (b)(2), using the $280 minimum fine applicable in 2013, even though the defendant's crime had occurred in 2011, when the minimum fine was only $200. (*Martinez, supra,* 226 Cal.App.4th at p. 1188.) The trial court then imposed the recommended $12,320 fine, specifying that it was using the statutory formula. (*Ibid.*) This court held that there was no conceivable tactical reason for trial counsel not to object to the use of the incorrect minimum statutory fine. (*Id.* at p. 1190.) This court explained, "given the court's commitment to use the statutory formula in Penal Code section 1202.4, subdivision (b)(2), it appears more than likely that the court would have imposed the restitution fund fine using the $200 minimum that was in effect when appellant committed his crimes had counsel raised an objection at the sentencing hearing." (*Ibid.*)

In the instant case, the probation report recommended a $1,440 restitution fine, but defendant's trial counsel asked the trial court to impose, instead, "a more standard non-prison type of restitution fine." The trial court responded, "I will impose a restitution fine of $280 and that's being imposed pursuant to Penal Code section 1202.4(b)(2)."

According to defendant, the trial court's comment about imposing a fine pursuant to section 1202.4, subdivision (b)(2), in the context of trial counsel's request for "a more standard non-prison type of restitution fine," shows that the trial court intended to impose the minimum fine permitted by section 1202.4, subdivision (b)(1), which was $240. However, trial counsel did not ask for the minimum fine, and the trial court did not state that it was imposing the minimum fine. Rather, the trial court stated it was applying the statutory formula, which, properly applied, would have resulted in imposition of a $1,440 fine—a much greater fine than the $280 fine actually imposed.

We cannot say that trial counsel's failure to object to the $280 restitution fine constituted ineffective assistance. The $280 fine was well within the authorized $240 to $10,000 statutory range available to the trial court (see § 1202.4, subd. (b)(1)), and the

4

$280 fine was much lower than the $1,440 fine recommended in the probation report. Since the trial court had already significantly reduced the fine amount, trial counsel reasonably may have declined to point out that although the trial court had referenced the statutory formula, the trial court had *not* actually applied that formula. Trial counsel may not have wanted to object to the $280 restitution fine, as that could have resulted in imposition of the recommended—and much greater—$1,440 fine. Further, the trial court did not expressly state that it intended to impose the minimum fine, and we will not presume the court applied the wrong statutory law. (See Evid. Code, § 664; *People v. Mack* (1986) 178 Cal.App.3d 1026, 1032 ["the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties"].) In imposing a $280 restitution fine, the trial court may simply have been exercising its discretion to impose the fine amount it found appropriate under the factors listed in section 1202.4, subdivision (d).[2]

In sum, defendant has failed to demonstrate that his trial counsel was ineffective for not objecting to the $280 restitution fine.

### III.    DISPOSITION

The judgment is affirmed.

---

[2] Section 1202.4, subdivision (d) specifies: "In setting the amount of the fine pursuant to subdivision (b) in excess of the minimum fine pursuant to paragraph (1) of subdivision (b), the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime. . . ."

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


_____
MIHARA, J.


_____
GROVER, J.