Filed 5/20/22  P. v. Maggio CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093577 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F09789) |
| v. | |
| SALVATORE CARMELO MAGGIO, | |
| Defendant and Appellant. | |

Defendant Salvatore Carmelo Maggio was found guilty of committing second degree murder in 2005.  In 2019, defendant filed a petition for resentencing under Penal Code section 1170.95[1]; the trial court denied defendant's petition.  On appeal, defendant contends the trial court improperly made factual determinations at the prima facie stage. Finding defendant ineligible as a matter of law, we affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

On October 26, 2005, defendant strangled and drowned Aaron Brooks. (*People v. Maggio* (Feb. 11, 2009, C055680) [nonpub. opn.] (*Maggio*).)[2] Defendant told law enforcement he and Brooks got into a fight, ended up in a creek where defendant was able to push Brooks underwater, and "[w]hen Brooks was lying face down in the water, defendant let him go, realizing he was dead." (*Ibid.*) Defendant was diagnosed with paranoid schizophrenia and presented a mental state defense. (*Ibid.*) The jury convicted defendant of second degree murder (§§ 187, 189) and defendant was sentenced to 15 years to life. (*Maggio*, *supra*, C055680.) Defendant appealed arguing the jury was improperly instructed on imperfect self-defense and that he was incompetent to testify on his own behalf; we affirmed his conviction. (*Ibid.*)

On May 13, 2019, defendant filed a petition for resentencing under section 1170.95. Defendant alleged he was "convicted of 2nd Degree murder pursuant to the Felony Murder Rule" and that he could not now be convicted of second degree murder because of changes made to sections 188 and 189 effective January 1, 2019. The People and defendant's appointed counsel filed briefing on the petition.

On February 2, 2021, the trial court denied defendant's petition by written order. The trial court noted it had read and considered "the briefings by the parties as well as the probation report, the jury instructions which were provided to the jury, and the unpublished decision of the Appellate Court," adding "[h]aving presided over this case, I am familiar with its facts." It then found "[n]either the felony murder rule or the natural and probable consequences doctrine [were] brought in front of the jury. Thus, the

---

[2] We granted defendant's motion for judicial notice of our opinion affirming the judgment of conviction and sentence in defendant's direct appeal. (Evid. Code, §§ 459, subd. (a) ["[t]he reviewing court may take judicial notice of any matter specified in Section 452"]; 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

r[e]quirements of [Senate Bill No. 1437] (as codified in [section] 1170.95) do not apply to this defendant. [¶] Accordingly, defendant's motion for relief is denied."

DISCUSSION

Defendant argues the trial court committed prejudicial error when it engaged in improper fact finding at the prima facie stage by using its own recollections of the underlying case to find defendant ineligible for relief. We disagree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill 1437 also authorized, by adding section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (*People v. Gentile* (2020) 10 Cal.5th 830, 843.)

Senate Bill No. 775 (2020-2021 Reg. Sess.), effective January 1, 2022, modified section 1170.95 to now explicitly require appointment of counsel on receipt of a properly completed petition requesting counsel, and then: "[T]he prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a

statement fully setting forth its reasons for doing so." (§ 1170.95, subds. (b)(3), (c).)[3]  In deciding whether a prima facie case is made, a court may review the defendant's record of conviction "to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  If a prima facie case is made and the trial court issues an order to show cause, it then holds an evidentiary hearing to determine whether to vacate the conviction and recall the sentence. (§ 1170.95, subd. (d).)

The trial court properly reviewed the record of conviction, including the jury instructions, in assessing whether defendant established a prima facie case for relief. From this, the trial court found the jury for defendant's trial was not instructed on felony murder or the natural and probable consequences doctrine.  If this is the case, defendant could not be " '[a] person convicted of felony murder or murder under a natural and probable consequences theory,' and he is therefore ineligible for relief as a matter of law." (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677, fn. omitted, review granted Feb. 24, 2021, S266336, review dismissed Dec. 1, 2021.)

We do not have the jury instructions in the appellate record.  But part of an appellant's burden in showing error is to provide an adequate record from which the claimed error may be demonstrated; the failure to present such a record can be fatal to appellate contentions. (See *People v. Mack* (1986) 178 Cal.App.3d 1026, 1032 ["Appellant has the burden of showing error by an adequate record and has failed to sustain his burden"].)  Defendant also does not challenge on appeal the trial court's conclusion on the jury instructions or otherwise assert the jury was instructed on either theory.  Defendant has consequently waived any challenge to this ruling, and we must presume the trial court's analysis of the jury instructions was correct. (*People v. Braz*

---

[3] These ameliorative modifications to section 1170.95 apply retroactively to defendant because his case is not yet final. (*People v. Porter* (2022) 73 Cal.App.5th 644, 652.)

(1998) 65 Cal.App.4th 425, 433-434.)  Defendant is therefore ineligible as a matter of law because the jury was not instructed on either felony murder or the natural and probable consequences doctrine.

Defendant asserts the trial court engaged in improper fact finding by relying on the court's own memory of the facts of the case.  However, even assuming the passing mention in the court's order indicated potential reliance on an improper factual analysis, this error would be harmless because of defendant's ineligibility as a matter of law. Failures to properly follow section 1170.95 prima facie procedures are state law errors, so to establish prejudice, a petitioner must show that " ' "it is reasonably probable that . . . his [or her] petition would not have been summarily denied" ' " absent the error. (*People v. Lewis, supra*, 11 Cal.5th at p. 974.)  There could be no prejudice in the trial court's possible factual determinations because this could not change how the jury was instructed.  Same too for a lack of a hearing.  Though not addressed by either party, Senate Bill 775 now obligates trial courts to hold a hearing before deciding whether a defendant has made a prima facie case for relief; this did not happen here.  But there is no reasonable probability a hearing could have changed defendant's ineligibility as a matter of law.  Any error here was therefore harmless.

## DISPOSITION

The judgment (order) is affirmed.

                                                           \s\

                                                    BLEASE, Acting P. J.

We concur:

\s\

ROBIE, J.

\s\

DUARTE, J.

6