Filed 6/30/14  Koskinen v. Mendocino County Employees Retirement Assn. Bd. of Retirement CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KIMBERLY KOSKINEN,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>MENDOCINO COUNTY EMPLOYEES'<br>RETIREMENT ASSOCIATION BOARD<br>OF RETIREMENT,<br><br>　　　　Defendant and Respondent. | A138926<br><br>(Mendocino County<br>Super. Ct. No. SCUKCVPT1260584) |

**INTRODUCTION**

Kimberly Koskinen sought service-related disability retirement after an on-the-job automobile accident which she claimed resulted in a permanent psychiatric disability. Mendocino County Employees' Retirement Association, Board of Retirement (Board) denied her a service-related disability retirement but approved a nonservice-related disability retirement.  Koskinen challenged that determination by petition for writ of mandate in the superior court, which was denied.  She appeals from that denial, asserting only that the court failed to exercise its independent judgment.  We disagree and affirm.

**PROCEDURAL AND FACTUAL BACKGROUND**

We set forth only those facts relevant to the single issue raised on appeal.  Because no issue of substantial evidence has been raised, we set forth the summary of the factual background taken from the superior court's order.

"[Koskinen] was employed by the County of Mendocino as an Eligibility Worker from 1993 until 2007.  By all accounts, she was a diligent and productive employee.  On

1

September 12, 2007 [Koskinen] was involved in a two car collision on Highway 20 while traveling to work in Ukiah. [Koskinen] unsuccessfully tried to return to work part time after the auto accident. Her last day of work with the County of Mendocino was October 16, 2007."

"[Koskinen] has acknowledged throughout this litigation that she suffers from psychological and medical conditions which are unrelated to the automobile accident of September 12, 2007. Her request for a service connected disability retirement is based on the aggravation of her preexisting psychiatric condition following the automobile accident."

"[Koskinen] filed her application for a service connected disability retirement on or about October 3, 2008. [The Board] referred the matter to Hearing Officer Robert Murray. Mr. Murray conducted an evidentiary hearing on June 20, 21, August 12 and December 13, 2011 which involved taking live testimony, review of deposition testimony and voluminous document review. Mr. Murray's April 4, 2012 report recommended that [the Board] find that [Koskinen] was disabled from working as an Eligibility Worker for psychiatric and emotional reasons but deny [her] application for a service connected disability retirement. On April 19, 2012, [the Board] adopted the Hearing Officer's recommendation."

Koskinen filed a petition for writ of mandate in the superior court. The court denied the petition after reviewing "the complete Administrative Record."

DISCUSSION

Koskinen raises only one issue in this appeal—"whether the Superior Court applied the correct standard of review." She claims the court did not exercise its independent judgment in reviewing the administrative record and, instead, incorrectly applied the substantial evidence standard. Whether the trial court applied the correct standard of review is a question of law we review de novo. (*Alberda v. Board of Retirement of Fresno County Employees' Retirement Assn.* (2013) 214 Cal.App.4th 426, 434 (*Alberda*).)

2

Code of Civil Procedure section 1094.5 sets out the procedure for obtaining judicial review of a final administrative determination by writ of mandate. "The inquiry in such a case shall extend to the questions whether the [agency] proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the [agency] has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence. [¶] (c)Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence. In all other cases, abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record." (Code Civ. Proc., § 1094.5, subds. (b)–(c).)

"[I]f the order or decision of the agency substantially affects a fundamental vested right, the court, in determining under section 1094.5 of the Code of Civil Procedure whether there has been an abuse of discretion because the findings are not supported by the evidence, must exercise its independent judgment on the evidence and find an abuse of discretion if the findings are not supported by the weight of the evidence." (*Strumsky v. San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 44.) An agency's decision regarding work-related disability retirement substantially impacts a fundamental vested right. (*Alberda*, *supra*, 214 Cal.App.4th at p. 433.) "In exercising its independent judgment, a trial court must afford a strong presumption of correctness concerning the administrative findings, and the party challenging the administrative decision bears the burden of convincing the court that the administrative findings are contrary to the weight of the evidence." (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 817 (*Fukuda*).) "[T]here is no inconsistency in a rule requiring that a trial court begin its review with a presumption of the correctness of administrative findings, and then, after affording the respect due to these findings, exercise independent judgment in making its own findings." (*Id*. at p. 819.)

Koskinen acknowledges the trial court stated it was applying the correct independent judgment standard. However, she contends other language in the court's order and deficiencies in the court's discussion of the evidence indicate it actually applied the substantial evidence standard.

The court's order denying Koskinen's petition for writ of mandate stated at the outset: "The superior court exercises its independent judgment when reviewing the administrative decision of a retirement board to grant or deny a service connected disability retirement. (*Strumsky v. San Diego County Employees Retirement Ass'n*[, *supra*,] 11 Cal.3d 28, 34.) '[A] trial court [must] begin its review with a presumption of correctness of administrative findings, and then, after affording the respect due to these findings, exercise independent judgment in making its own findings.' (*Fukuda*[, *supra*,] 20 Cal.4th 805, [819].)"

At the conclusion of its order, however, the court stated: "After conducting an independent review of the entire Administrative Record, the court finds that substantial credible and reliable evidence supports the Board's decision. [¶] The court finds that [Koskinen] has not met her burden of proving by a preponderance of the evidence that her work-related automobile accident . . . aggravated her pre-existing psychological condition or otherwise substantially contributed to her present disability. MCERA's decision to deny [Koskinen] a service related disability retirement is supported by substantial evidence. For these reasons, the petition for writ of mandate is denied." Koskinen maintains these latter statements demonstrate the trial court actually applied the wrong standard, the substantial evidence standard, relying on *Alberda.*

*Alberda* also involved a petition for writ of mandate to set aside a Board of Retirement's denial of an employee's application for service-connected disability retirement. (*Alberda*, *supra*, 214 Cal.App.4th at p. 428.) The trial court's statement of decision in that case "began with stating the standard of review was independent judgment." (*Id*. at p. 432.) The court, however, also stated: " ' "[w]e recognize at the outset these two well-settled principles," ' " including " ' "(1) factual determinations of the board must be upheld if there is substantial evidence in their support and the relevant

4

and considered opinion of one physician, though inconsistent with other medical opinions, may constitute substantial evidence . . . ." ' " (*Id*. at pp. 432–433.) Then, in addressing the substantive merits, the court went on to use the phrase "substantial evidence" five times ("the issue was whether there was ' " substantial evidence of some connection between the disability and the job" ' "; " 'substantial evidence supports the hearing officer's decision' "; " 'substantial evidence supported the . . . injury . . . did not contribute substantially to [Alberda's] incapacity' "; " 'substantial evidence supports that the 2003 assignment . . . did not contribute substantially to [Alberda's] incapacity' "; " 'Substantial evidence supports the hearing officer's finding.' ") (*Ibid*.) The Court of Appeal concluded that, although the trial court initially recited the proper standard of review, its analysis raised a "serious question" as to whether it had actually erroneously applied the substantial evidence standard of review. (*Id*. at p. 435.)

In contrast here, the trial court clearly set forth the appropriate standard of review, and never indicated other "well-settled principles" applied—i.e., that " ' "factual determinations of the board must be upheld if there is substantial evidence in their support" ' " and " ' "the relevant and considered opinion of one physician, though inconsistent with other medical opinions, may constitute substantial evidence' ' "—as the trial court erroneously did in *Alberda*. (*Alberda, supra*, 214 Cal.App.4th at pp. 432–433.) While the court here used the phrase "substantial evidence" twice in the conclusion of its order, it did not employ the phrase throughout its decision, as the trial court did in *Alberda*. On the contrary, throughout its discussion of the evidence, the trial court here repeatedly made specific *findings* as to the credibility of the witnesses and assessed the *weight* and persuasiveness of their testimony—actions taken by a court engaged in utilizing its independent judgment as to the import of the evidence. Furthermore, in its conclusion, the trial court also stated: "The court finds that Petitioner has not met her burden of proving by a preponderance of the evidence that her work-related automobile accident on September 12, 2007 aggravated her pre-existing psychological condition or otherwise substantially contributed to her present disability"—the precise conclusion a court would make employing independent judgment and as the finder of fact. In sum,

5

read in its entirety, the trial court's decision here is markedly different than the that of the trial court in *Alberda* and reflects the court actually applied the independent judgment standard, as it stated it did.

In any case, the fact the trial court twice used the phrase "substantial evidence" in the conclusion of its decision at most renders the decision ambiguous. For the reasons we have explained, the entirety of the opinion resolves any such ambiguity. Furthermore, under well-established appellate principles, any ambiguity is resolved in support of the decision. "[A] judgment is presumed correct, all intendments and presumptions are indulged in its favor, and ambiguities are resolved in favor of affirmance." (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 765–766, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Winograd v. American Broadcasting Co*. (1998) 68 Cal.App.4th 624, 631.) "It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties." (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032.) Accordingly, we must presume the trial court both recited and applied the independent judgment standard.[1]

At oral argument, counsel asserted the trial court failed to address evidence supportive of Koskinen's claim to work-related disability and this also showed that, contrary to what the court said, it did not review "all" the evidence and thus did not actually apply the independent judgment standard. The only witness counsel identified as not mentioned by the trial court was Dr. Ronald J. Lowell. Dr. Lowell was the "agreed medical examiner" in connection with her disability claim and issued three reports. When he first examined Koskinen, he requested a neuropsychological assessment and therefore "defer[red] a final opinion on causation." After this assessment was performed by Dr. Mark Kimmel (whose testimony the trial court discussed and credited), and in his final report, Dr. Lowell concluded he was "unable to conclude that actual events of her

---

[1] Koskinen, moreover, did not bring the ambiguity to the attention of the trial court in order to avoid this interpretation of the decision. (See *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1136.)

6

employment have been predominant as to all causes combined of the psychiatric injury." We therefore do not view the trial court's choice not to discuss Dr. Lowell's testimony as indicative of any employment of the substantial evidence standard, rather than utilization of its independent judgment.

## DISPOSITION

The judgment is affirmed.  Each party to bear its own costs on appeal.


_____
Banke, J.


We concur:


_____
Dondero, Acting P. J.

_____
Becton, J.[*]

---

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.