Filed 10/15/20  P. v. Cooper CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>DERRICK ANTOINE COOPER,<br>    Defendant and Appellant. | A158253<br><br>(Contra Costa County<br>Super. Ct. No. 51318666) |

In 2017, this court affirmed Derrick Antoine Cooper's conviction of first degree murder (Pen. Code,[1] § 187) but remanded the case for the trial court to exercise its newly conferred discretion under Senate Bill No. 620 (SB 260) to consider whether to strike a firearm enhancement. The court declined to strike the enhancement, and Cooper appeals. We conclude that Cooper has neither rebutted the presumption that the trial court knew and applied the governing law nor shown that any misapprehension affected the court's sound exercise of its discretion. We shall therefore affirm.

**Factual and Procedural History**

Cooper's conviction was affirmed in *People v. Cooper* (Dec. 5, 2017, A143556 [nonpub. opn.]). The opinion describes how Cooper and codefendants James Green and Antwone Johnson, who belonged to a North Richmond gang,

---

[1] All statutory references are to the Penal Code.

1

killed Lincoln Plair, who they mistakenly assumed to be a member of a rival Central Richmond gang. Cooper and Johnson, each armed, walked toward Plair, who was washing a car on the sidewalk as children played nearby. Multiple shots were fired, killing Plair. Afterwards Cooper discovered that his gun had jammed.

The two-count information charged each defendant with Plair's murder (§ 187) and with participation in a criminal street gang (§ 182.5). As to each defendant, it alleged two enhancements relevant to this appeal: (1) that the murder was committed to benefit a criminal gang and with the specific intent to further criminal conduct by gang members (§ 186.22, subd. (b)(1)) and (2) that each defendant personally and intentionally fired a gun causing great bodily injury or death (§ 12022.53, subd. (d)). The latter allegation also cited subdivision (e)(1) of section 12022.53, under which each defendant could be vicariously subject to a firearm enhancement. Under subdivision (e)(1), an enhancement may be imposed on a defendant not found to have personally shot the victim if the jury found that the defendant was a principal in the offense, that he or she violated the criminal-gang statute (§ 186.22, subd. (b)), and that another principal in the offense fired a gun in violation of subdivision (d). (§ 12022.53, subd. (e)(1)).

A jury found Cooper guilty on each count and found that the murder was committed to benefit a street gang (§ 186.22, subd. (b)(1)) and that a principal personally fired a gun, causing death (§ 12022.53, subds. (d) & (e)(1)). The jury found not true the allegation that Cooper himself personally fired a gun (*Id.*, subd. (d)). The court sentenced Cooper to a term of 25 years to life on the murder count and to a consecutive term of 25 years to life on the vicarious firearm enhancement. (*Id.*, subd. (e)(1)). On the gang enhancement,

the court imposed a 10-year term but stayed that term pursuant to section 654.[2]

This court affirmed the conviction but remanded the case to the trial court for "limited purposes" that included, as relevant here, "determining whether it should in the interest of justice strike the firearm enhancement imposed pursuant to section 12022.53."

On remand, Cooper filed a brief asking the court to exercise its discretion to strike the firearm enhancement imposed pursuant to section 12022.53, subdivision (e)(1). Alternatively he requested the court to strike the enhancement and replace it with a lesser included enhancement pursuant to section 12022, subdivision (a)(1). In support of that request, Cooper cited *People v. Morrison* (2019) 34 Cal.App.5th 217, 222 (*Morrison*) for the proposition that a court has authority to strike or dismiss an enhancement found true and impose a lesser-included enhancement, whether or not alleged and found true.

The prosecutor did not file an opposition. At the hearing, she opposed the request to strike the enhancement but did not mention *Morrison* or the alternative request to substitute a lesser-included enhancement. Neither defense counsel nor the court mentioned *Morrison* or raised that issue at the hearing.

The court declined to strike the enhancement, explaining: "I would note in regard to accepting responsibility that Mr. Cooper did testify under oath at the trial that he was not involved in this incident. And certainly that . . . militates against my striking the gun enhancement. [¶] I watched Mr. Cooper during the trial. I do think at that time he could be classified as a youngster.

---

[2] On count two (participation in a criminal street gang), the court imposed a sentence of 25 years to life, which it also stayed under section 654.

3

I think he did not appreciate the gravity of what had occurred. He did not appreciate the gravity with which the criminal justice system operated under such an occurrence, because I think it's fair to say that he was young and naïve. Unfortunately, he's learned a lot since then. My empathy for Mr. Cooper being so young at that time is really addressed by the Youthful Offender laws that have come into effect. [¶] I have to say that what occurred was horrendous. Getting out of the car with Mr. Johnson, walking down the street in Central where there were children and a 19-year-old washing cars, and just firing at him is unconscionable. It's so obviously horrendous. Mr. Plair was indeed a hero by pushing those children out of harm's way, because certainly Mr. Cooper and Mr. Johnson were not concerned about those children. It's only an act of fate that Mr. Cooper's bullet didn't kill Mr. Plair because the gun jammed, and there were certainly casings from the gun. [¶] So the facts of the case itself, the fact that Mr. Cooper chose to lie under oath and not accept responsibility, and the fact that I stayed the gang enhancement because of the gun enhancement, all point towards my not striking the gun enhancement at this time. He's gonna get the benefit of the Youthful [O]ffender laws. And I think it's appropriate given the fact that he went to trial and was convicted that I leave the sentence as it is."

The court reimposed the original sentence, and Cooper filed a timely notice of appeal.

## Discussion

SB 620, which added subdivision (h) to section 12022.53, "gave the trial court discretion 'in the interest of justice pursuant to Section 1385 and at the time of sentencing, [to] strike or dismiss an enhancement otherwise required to be imposed by this section.' (§ 12022.53, subd. (h).) [¶] ' "A court's discretionary decision to dismiss or to strike a sentencing allegation under

4

section 1385 is" reviewable for abuse of discretion.' " (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) Cooper does not contend that the trial court's decision is " 'so irrational or arbitrary that no reasonable person could agree with it.' " (*Ibid.*) He contends that the trial court misunderstood either the scope of its discretion or a material aspect of the record. (See *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [defendants "are entitled to sentencing made in the exercise of the 'informed discretion' of the sentencing court"].)

Cooper contends the court exercised its discretion without realizing that the scope of that discretion included the ability to replace the vicarious firearm enhancement that was imposed with a lesser-included enhancement. He acknowledges the "basic presumption indulged in by reviewing courts that the trial court . . . kn[ew] and applied the correct statutory and case law in the exercise of its official duties" (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032), but attempts to overcome the presumption by pointing out that *Morrison* held the presumption did not apply in that case. Shortly before the enactment of SB 260, Morrison was convicted of murder and given a sentence that included a firearm enhancement of 25 years to life under subdivision (d) of section 12022.53. (*Morrison, supra*, 34 Cal.App.5th at p. 220.) After SB 260 was enacted, Morrison moved the trial court to recall his sentence. The court did so, but declined to exercise its newly conferred discretion to strike the enhancement. (*Ibid.*) On appeal, Morrison argued that the court had not understood that a trial court's discretion under SB 260 includes the authority to strike an enhancement found true by the jury and to impose instead a lesser included enhancement that had not been alleged or found true. (*Id.* at pp. 221–222.) Division Five of this court agreed and remanded Morrison's case because, at the time of Morrison's resentencing, SB 260 had just been

5

enacted, "no published case had held [that] an uncharged lesser firearm enhancement could be imposed in lieu of an enhancement under section 12022.53, subdivision (d)," and "it does not appear the court considered the issue." (*Id.* at p. 224.) While acknowledging " 'the rule that a trial court ordinarily is presumed to have correctly applied the law,' " *Morrison* holds that the presumption does not apply if, at the time of sentencing, the scope of a court's discretion under a new law was unclear or disputed. (*Ibid.*) But "after the publication of our decision today," the court added, "the usual presumption that a sentencing court correctly applied the law will apply [in cases raising the same issue] and will ordinarily prevent remand where the record is silent as to the scope of a court's discretion." (*Id.* at p. 225.)

In this case, Cooper was resentenced "after the publication of [*Morrison*]" and after Cooper brought that decision to the court's attention. The record is otherwise "silent as to the scope of the court's discretion" (*Morrison, supra*, 34 Cal.App.5th at p. 225), as the prosecutor did not dispute that a trial court's discretion under SB 260 encompasses the ability to substitute a lesser-included enhancement,[3] and the court did not say anything to suggest that it was unaware that it had that authority. *Morrison* itself thus dictates that "the usual presumption that a sentencing court correctly applied the law will apply." (*Ibid.*)

Cooper also relies on the circumstance that, while the defendant in *Morrison* was the actual killer, he was not. Cooper argues it was unsettled at

---

[3] The Attorney General now urges this court to reject the rule of *Morrison* and to follow decisions that have since disagreed with it. (*People v. Tirado* (2019) 38 Cal.App.5th 637, review granted Nov. 13, 2019, S257658; *People v. Garcia* (2020) 46 Cal.App.5th 786, review granted June 10, 2020, S261772.) We need not attempt to resolve that conflict because the correctness of *Morrison*'s rule is immaterial to the outcome of this appeal.

the time of his resentencing whether the authority identified in *Morrison* extends to substituting a lesser included *vicarious* firearm enhancement for a *vicarious* enhancement found true by the jury. But he articulates no reason why the trial court might have believed that the power identified in *Morrison* applies only to firearm enhancements imposed on actual killers. Nor does he cite any part of the record suggesting that the trial court had such a belief. We thus apply "the usual presumption that a sentencing court correctly applied the law" (*Morrison*, *supra*, 34 Cal.App.5th at p. 225).

Cooper's second claim is that the court's exercise of discretion rested in part on misinformation about a material aspect of the record. (See *People v. Belmontes*, *supra*, 34 Cal.3d at p. 348, fn. 8.) As indicated above, the third reason the court gave for refusing to strike the gun enhancement was "the fact that I stayed the gang enhancement because of the gun enhancement." This comment, Cooper contends, shows that the court misunderstood the record: the court did not stay the gang enhancement "because of the gun enhancement." Because Cooper was convicted of first degree murder, the statute itself (§ 186.22) barred the court from imposing a gang enhancement. Cooper cites *People v. Lopez* (2005) 34 Cal.4th 1002, which holds that "first degree murder is a violent felony that is punishable by imprisonment in the state prison for life and therefore is not subject to a 10-year [gang] enhancement under section 186.22(b)(1)(C)." (*Id.* at p. 1004.) If a defendant convicted of first degree murder satisfies the prerequisites for a gang enhancement, subdivision (b)(5) of section 186.22 "applies and imposes a minimum term of 15 years before the defendant may be considered for parole." (*Ibid.*)

Assuming that Cooper is correct that *Lopez* barred the court from imposing a gang enhancement here, and that the court held a mistaken belief

that the gun enhancement had led it to stay the gang enhancement, any such belief was immaterial. The gang enhancement was only one of three reasons the court gave for not striking the gun enhancement, and the court's statement of reasons makes clear that it based its refusal primarily on the other two unchallenged factors. The court began its discussion by noting Cooper's decision to deny responsibility by lying under oath, explained why its "empathy for Mr. Cooper being so young at that time is really addressed by the Youthful Offender laws that have come into effect," and then recounted the "obviously horrendous" facts of the case. Then the court gave a final summary in which it mentioned in passing, for the first and only time, "the fact that I stayed the gang enhancement because of the gun enhancement." There is no reason to believe that any misapprehension about whether the court could have imposed a gang enhancement had a material effect on its exercise of discretion not to strike the gun enhancement.

## Disposition

The judgment is affirmed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.