Filed 9/24/15  P. v. Summerise CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROZELLE ANTHONY SUMMERISE, JR.,<br><br>    Defendant and Appellant. | F068314<br><br>(Super. Ct. No. F11906128)<br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

Defendant Rozelle Anthony Summerise, Jr. was convicted by jury trial of first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a))[1] for an offense he

---

[*]     Before Gomes, Acting P.J., Poochigian, J. and Peña, J.

committed on October 20, 2011. The trial court sentenced him to 17 years in prison and imposed various fines and fees, including two $280 restitution fines pursuant to sections 1202.4, subdivision (b) and 1202.45. On appeal, defendant contends the trial court inadvertently imposed an unauthorized sentence and violated ex post facto principles when it imposed the $280 restitution fines rather than the statutory minimum fines of $200 in effect at the time he committed the crime in October 2011.[2] We disagree with this contention.

"Under the United States Constitution, ""'any statute … which makes more burdensome the punishment for a crime, after its commission … is prohibited as *ex post facto*.""' [Citations.] The ex post facto clause of the state Constitution is in accord." (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.) The prohibition against ex post facto laws applies to restitution fines, which constitute punishment. (*People v. Souza* (2012)

---

[1] All statutory references are to the Penal Code.

[2] When defendant committed the offense in this case, section 1202.4 provided in pertinent part: "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but *shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000)*, if the person is convicted of a felony, and shall not be less than one hundred dollars ($100), and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor. [¶] (2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 45, § 1, italics added.)

Section 1202.45 provided in part: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine *in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4*." (§ 1202.45, as amended by Stats. 2007, ch. 302, § 15, italics added.)

54 Cal.4th 90, 143.) An increase in the minimum restitution fine makes the authorized punishment more burdensome. (*People v. Saelee, supra,* at pp. 30-31.) Therefore, a court cannot apply an increased minimum restitution fine retroactively to a defendant whose crime occurred prior to the increase in the minimum restitution fine.

But a defendant can forfeit an ex post facto claim by failing to raise the issue (see *People v. White* (1997) 55 Cal.App.4th 914, 917), particularly where any error could easily have been corrected if the issue had been raised at the sentencing hearing. Generally, in the interests of fairness and judicial economy, only "claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) "'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' [Citations.]" (*People v. Earp* (1999) 20 Cal.4th 826, 882.)

Although it is true that the forfeiture rule does not apply when a trial court imposes an unauthorized sentence (*Scott, supra,* 9 Cal.4th at p. 354), the sentence in this case was not unauthorized. An unauthorized sentence is one that "could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*) Under the version of section 1202.4 in effect when defendant committed the crimes, the trial court had the discretion to impose fines in an amount between $200 and $10,000. Because the $280 fines imposed fell within that range, the fines were authorized and the trial court had the discretion to impose them.

The probation officer's report recommended that the trial court impose restitution fines of *$5,880* pursuant to sections 1202.4 and 1202.45. At sentencing, the trial court imposed the 17-year sentence and credits, then stated: "I am ordering restitution of $280 pursuant to [section] 1202.4. I am going to impose and suspend the same fine, pursuant to [section] 1202.45, condition[ed] upon parole remaining in effect." Nothing else was said about restitution.

3.

This record does not support a conclusion that the trial court intended to impose the minimum $200 fines under the statutes. And we cannot assume the court intended to impose the minimum fines but was unaware that the applicable minimum was $200. The court did not expressly state that it intended to impose the minimum fines, and we will not presume the court applied the wrong statutory law (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032 ["It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties."]). The court may simply have been exercising its discretion to impose the fines it found appropriate. From the record, we can only conclude the trial court intended to impose the $280 fines.

Under these circumstances, it was incumbent upon defendant to object to the fine amounts in the trial court and bring the alleged mistake to the court's attention.[3] Defendant's failure to do so forfeits the claim on appeal. (*Scott, supra,* 9 Cal.4th at p. 353 [the forfeiture doctrine "should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"].)

## **DISPOSITION**

The judgment is affirmed.

---

[3]    We assume defendant was relieved that the court did not impose the $5,880 restitution fines recommended by the probation officer.