Filed 2/4/22  P. v. Moreno CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIO MORENO,<br><br>    Defendant and Appellant. | D079142<br><br><br>(Super. Ct. No. SCD283472) |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey Fraser, Judge.  Affirmed as modified.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Donald W. Ostertag and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Mario Moreno pled guilty to three counts of forcible lewd act on a child (Pen. Code,[1] § 288, subd. (b)(1)). Pursuant to the plea agreement, the trial court sentenced him to serve 28 years in state prison and imposed certain fines and fees. On appeal, he does not challenge the conviction or prison sentence. Instead, he contends the trial court committed reversible error because it misunderstood the scope of its discretion when imposing a restitution fine pursuant to section 1202.4, subdivision (b)(2). He further contends the criminal justice administrative fee ordered pursuant to now-repealed Government Code section 29550.1 and administrative fees related to the collection of the restitution fine imposed pursuant to recently-repealed section 1202.4, subdivision (l), and section 2085.5 must be stricken. We find no abuse of discretion in the imposition of the restitution fine, but modify the judgment to strike any balance of the criminal justice administrative fee that remained unpaid as of July 1, 2021 and any balance of the challenged administrative fees that remained unpaid as of January 1, 2022. We affirm the judgment as modified in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

Moreno was charged with two counts of unlawful sexual penetration of a child under the age of 10 (§ 288.7, subd. (b)), four counts of forcible lewd act upon a child under the age of 14 (§ 288, subd. (b)(1)), and six counts of lewd act upon a child under the age of 14 (§ 288, subd. (a)). In April 2021, Moreno pled guilty to three counts of forcible lewd act in exchange for a prison sentence of 28 years and a dismissal of the remaining charges.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

Moreno entered the following factual basis for his plea: "On three separate occasions, I willfully and unlawfully touched the body of [Jane Doe], a minor who was between the ages of 5 and 8 years old, with the intent of arousing, appealing to and gratifying my lust, passions and sexual desires. I committed said acts by use of force. [Jane Doe] is the child of a woman with whom I had a dating relationship, and I knew that she had a minor child at the time that our dating relationship began. On 9/24/04 I suffered a juvenile true finding for PC288(a) and the child [Janice Doe] was 7 years old at the time of the offense."

At the sentencing hearing in June 2021, the trial court imposed the agreed-upon 28-year prison sentence. It imposed the maximum restitution fine of $10,000 (§ 1202.4, subd. (b)) and related administrative fees pursuant to sections 1202.4, subd. (l) and 2085.5; a stayed $10,000 parole revocation restitution fine (§§ 1202.44, 1202.45); a $120 court operations assessment (§ 1465.8); a $154 criminal justice administrative fee (former Gov. Code, § 29550 et seq.); a $90 criminal conviction assessment (Gov. Code, § 70373); and a $500 sex offender registration fee (§ 290.3).

Before the court imposed the fines and fees, defense counsel asked the court to reduce the restitution fine to the minimum of $300 under section 1202.4, subdivision (b), arguing that: "I'm asking the Court to order the minimum restitution fine of $300. Right now it is set at $10,000 pursuant to Penal Code 1202.4(b). It is my position that that is an objective section of the Penal Code which does allow for the minimum on a felony of $300 multiplied by the number of years that a person is getting in prison for a maximum of 10,000. So given that Mr. Moreno is going to prison for 28 years, that is why it has maxed out at 10,000. [¶] The Court -- as I'm sure the Court is aware, Mr. Moreno is not going to be making much in prison. While he will have a

3

job, it's going to be limited given the nature of the charges and what yard he'll be able to be placed in and what programs and jobs he'll be able to participate in. So I'm asking the Court to reduce that to $300 as I think that will still take a significant amount of time for him to pay off."

The trial court imposed the maximum restitution fine of $10,000. Defense counsel asked the court again if it "would . . . consider reducing the restitution fine at all?" The court responded: "I think -- they have a statutory formula they do with that. I don't like those fines. I wish they would waive them because I really don't think that there's -- there's a practical aspect to them, but the legislature has decided this."

Defense counsel argued that, notwithstanding the statutory formula, the court had the discretion to impose "anything in between the lowest of 300 and the maximum of 10,000." Counsel argued that given the length of his prison sentence and low prison wages that "it's just going to be a humongous burden for [Moreno] over the next 28 years" to pay the $10,000 fine. Counsel stated: "I would just ask the Court to take that into consideration and reduce the amount." In response, the court said: "*Well, I have.*" (Italics added.)

The trial court went on to state: "And, again, I'm not the one that makes this particular formula. It's the legislature. I don't personally like it. I don't think they should have it. Most fines and fees are in that category. Your client is not all alone, especially given a lengthy prison term, that his ability to pay -- he really doesn't have one. But the legislature's thought of all this, and they don't care. [¶] So my thing is do what you've been doing or the defense bar has been doing and go to the state legislature and have this thing changed just like they have with probation costs and attorney's fees and some of the other fines and fees. I mean, what's happened is that we -- every year it seems either the legislature or the bureaucracy comes up with new fines

4

and fees, most of which will never be paid, which is crazy." The trial court then "decline[d]" Moreno's request to reduce the restitution fine.

DISCUSSION

I.

*The Trial Court Did Not Abuse Its Discretion by*
*Imposing the Maximum Restitution Fine*

"In reviewing a trial court's restitution order, we will not overturn its decision unless it constitutes an abuse of discretion." (*People v. Fortune* (2005) 129 Cal.App.4th 790, 794.) A trial court's misunderstanding of the scope of its discretion may be grounds for reversal. (*People v. Deloza* (1998) 18 Cal.4th 585, 600 [finding remand appropriate where "the trial court misunderstood the scope of its discretion to impose concurrent sentences . . . and erroneously believed consecutive sentences were mandatory"]; *Barriga v. 99 Cents Only Stores LLC* (2020) 51 Cal.App.5th 299, 334 [" 'If the record affirmatively shows the trial court misunderstood the proper scope of its discretion, remand to the trial court is required to permit that court to exercise *informed* discretion with awareness of the full scope of its discretion and applicable law.' "].)

Moreno contends the trial court committed reversible error because it "misunderstood the scope of its . . . discretion when it declined [his] request to reduce the restitution fine based on a misinterpretation of section 1202.4, subdivision (b)(2)'s *suggested* [statutory] formula."[2]

---

[2]    Section 1202.4 sets forth the parameters governing restitution fines. It mandates that, absent "compelling and extraordinary reasons," a restitution fine must be imposed in all cases where a person is convicted of a crime. (§ 1202.4, subd. (b).) The amount of the fine is set at the discretion of the court so long as the fine is "commensurate with the seriousness of the offense"; is at least $300 for a felony conviction, or $150 for a misdemeanor; and is no more than $10,000 for a felony conviction, or $1,000 for a

5

Under the applicable standard of review and appellate principles, we begin with the presumption "that the trial court . . . kn[ew] and applied the correct statutory and case law in the exercise of its official duties." (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032.) Here, that presumption is buttressed by the record. In response to defense counsel's explicit request that the court take "into consideration" discretionary factors it argued warranted a reduced restitution fine—that is, the "humongous burden" on Moreno to pay the restitution fine due to the length of his prison sentence and low prison wages—the trial court said: "Well, I have."

Moreno argues, however, that the trial court's other comments—including, "I'm not the one that makes this particular formula. It's the legislature."—evidence its mistaken belief that the amount calculated by the formula was mandatory. We are not persuaded. After *affirmatively* stating that it had considered the discretionary factors raised by Moreno, the court expressed its dislike for some of the fines and fees required by the Legislature and its belief that many are never paid, and it acknowledged that low prison wages is a factor common to all California prisoners, including Moreno. However, the court stated, "the legislature's thought of all this, and they don't care."

Reading the entirety of the trial court's comments, it is apparent that while it had some concerns with the imposition of restitution fines in the first instance, the court understood it was still required to impose the restitution

---

misdemeanor. (§ 1202.4, subd. (b)(1).) To assist the court in setting a felony restitution fine, the Legislature has suggested a formula that a court "may" use. (§ 1202.4, subd. (b)(2).) The formula determines "the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (*Ibid.*)

fines considering the factors set forth in the statute. And the court did that. Rather than demonstrate a misunderstanding as to the scope of its discretion under the statute, the court's comments reflect that it was attuned to the issues arising from the imposition of fines and fees on indigent persons. The court's statement encouraging the defense bar to continue to address these overarching issues through legislative action demonstrates it clearly had a strong understanding of the full picture.

Finally, we further note the court imposed the maximum fine pursuant to section 1202.4, subdivision (b), as recommended by the probation department. The record confirms the court arrived at this amount by utilizing the statutory formula. (§ 1202.4, subd. (b)(2).) The amount calculated by the formula would actually be $25,200,[3] but because a restitution fine may not exceed $10,000, the trial court imposed the maximum fine permitted by statute. (§ 1202.4, subd. (b)(1).) The court expressly acknowledged that it did consider Moreno's inability to pay when it imposed the maximum fine, which is but merely one of several factors that a court shall consider in setting the fine.[4] (§ 1202.4, subd. (d).) The statute also requires the court to consider the severity of the charges. (See § 1202.4, subd. (b)(1) [the amount of the fine must be "commensurate with the seriousness of the offense"].)

Here, the charges were significant, even after several counts were dismissed pursuant to the plea. Moreno pled guilty to three counts of *forcible* lewd act on a child under the age of 10, and explicitly admitted to the use of

---

[3] This is the product of $300 (the minimum fine), 28 (the number of years imposed), and 3 (the number of felony counts to which Moreno plead guilty).

[4] Moreno has not raised any contention of error under *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

force.  He also admitted the allegation that he previously committed a lewd act on a child who was 7.  Thus, even where a court determines that a defendant is unable to pay, it may still impose the maximum restitution fine on account of, for example, the seriousness and gravity of the offense, the circumstances of its commission, and the psychological harm suffered by the victim.  (§ 1202.4, subd. (d).)  As required by statute, the court's imposition of the maximum $10,000 restitution fine was "commensurate with the seriousness" of Moreno's crimes.  (§ 1202.4, subd. (b)(1).)

For these reasons, we are satisfied that the trial court did not misunderstand the scope of its discretion by imposing the maximum restitution fine.

II.

*Any Unpaid Balance as of July 1, 2021 of the Criminal Justice Administrative Fee Shall Be Vacated*

At the time that Moreno was sentenced, courts were required to order any convicted person who was arrested by a local arresting agency to pay a criminal justice administrative fee as a condition of probation.  (Former Gov. Code, § 29550.1, subd. (a).)  Accordingly, the trial court imposed a criminal justice administrative fee of $154.  Two weeks later, and while Moreno's appeal was pending, Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill No. 1869) was signed into law.  It repealed the statute mandating imposition of a criminal justice administrative fee as of July 1, 2021.  (Stats. 2020, ch. 92, § 24 [Gov. Code, § 29550.1 "shall remain in effect only until July 1, 2021, and as of that date is repealed, unless a later enacted statute that is enacted before July 1, 2021, deletes or extends that date."].)  Assembly Bill No. 1869 also added section 6111 to the Government Code, effective July 1, 2021.  (*Id.*, § 11.)  That provision provides, "On and after July

8

1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)

Because Assembly Bill No. 1869 became effective during the pendency of his appeal, Moreno contends it rendered the $154 criminal justice administrative fee "unenforceable and uncollectible, and the portion of the judgment imposing this fee must be vacated." Elsewhere, he requests that we order vacated "the portion of the judgment ordering collection of *any unpaid* debt related to that fee." (Italics added.) The People agree "these fees must be stricken."

We do not agree with Moreno or the People that Government Code section 6111 mandates that the fee be stricken in its entirety. As we explained in *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953 (*Lopez-Vinck*), "By specifying the precise date on which the costs that have been imposed on defendants pursuant to 'Section 29550, and Sections 29550.1, 29550.2, and 29550.3,' become unenforceable and uncollectible, the Legislature made clear that any amounts paid prior to that time need not be vacated, regardless of whether the sentence of the person on whom the costs were imposed is final." In other words, the repeal of Government Code section 29550.1 does not operate to entitle a defendant to a disposition striking the imposition of the $154 criminal justice administrative fee, or to a vacatur of the fee in its entirety. Where Government Code section 6111 states that "any portion of a judgment imposing those costs shall be vacated," we have "conclude[d] that the statutory scheme supports interpreting the phrase 'those costs' as referring only to that portion of fee imposed by the

9

court that *remains unpaid* as of July 1, 2021." (Gov. Code, § 6111, subd. (a); *Lopez-Vinck,* at pp. 953–954.) Thus, Moreno is entitled to have only that portion of the $154 fee that remained unpaid as of July 1, 2021 vacated from the judgment. We will modify the judgment accordingly.

III.

*Any Outstanding Portion of the Restitution Fine's*<br>*Administrative Fees Shall be Vacated*

Moreno also asks us to strike the administrative fees imposed in connection with the $10,000 restitution fine, pursuant to section 1202.4, subdivision (l) and section 2085.5 because of changes in the law following the Governor's signing of Assembly Bill No. 177 (2021–2022 Reg. Sess.) (Assembly Bill No. 177) on September 23, 2021.[5] The People agree that any unpaid balance of the administrative fee imposed pursuant to section 1202.4, subdivision (l) should be vacated. The People do not address any administrative fees imposed pursuant to section 2085.5.

Prior to the enactment of Assembly Bill No. 177, sections 1202.4, subdivision (l), and 2085.5 permitted the collection of various administrative fees associated with the collection of a restitution fine. When Moreno was sentenced, section 1202.4, subdivision (l) permitted a county's board of supervisors to impose, at its discretion, "a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent

---

[5]     After briefing was completed in this case, Moreno moved to file a supplemental opening brief to address these administrative fees. Appellant's counsel claims she was unaware of the effect of Assembly Bill No. 177 until she attended a seminar last month. We granted Moreno's motion and directed the People to file a supplemental response. We have considered the supplemental briefing addressing the effect of Assembly Bill No. 177 in this case.

of the amount ordered to be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county." As noted, the trial court imposed a $10,000 restitution fine plus an administrative fee not to exceed 10% pursuant to section 1202.4, subdivision (l)—an amount equal to $1,000.

Further, the trial court ordered that the $10,000 restitution fine and the $1,000 administrative fee were to be collected forthwith pursuant to section 2085.5, which provided for deduction of restitution fines from a prisoner's wages and the collection of restitution from parolees. (Former § 2085.5, subds. (a)–(c).) Prior to Assembly Bill No. 177, section 2085.5 permitted the agency housing the prisoner to separately collect an administrative fee "to cover the actual administrative cost of collection," which was to be deposited "in a special deposit account for reimbursing administrative and support costs of the department or agency's restitution program." (Former § 2085.5, subds. (e)–(f), (i).)

In enacting Assembly Bill No. 177, the Legislature sought "to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2021, ch. 257, § 2.) It did so by amending section 1465.9, in part, to read: "On and after January 1, 2022 the balance of any court-imposed costs pursuant to Section 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, § 35; Pen. Code, § 1465.9, subd. (b).)

11

Relevant here, Assembly Bill No. 177 repeals and then re-enacts section 1202.4, eliminating former subdivision (l), which authorized a county's board of supervisors to impose an administrative fee to cover the costs of collecting the restitution fine. Assembly Bill No. 177 also repealed the administrative fees imposed pursuant to section 2085.5 for persons incarcerated in state prisons or county jails to cover the administrative cost of collections. By its plain language, Assembly Bill No. 177 renders the balance of these administrative fees that remained on or after January 1, 2022 unenforceable and uncollectible. As we have concluded with the criminal justice administrative fee, Moreno is entitled to have any portion of the administrative fees imposed pursuant to former sections 1202.4, subdivision (l), and 2085.5 that remained unpaid as of January 1, 2022 vacated from the judgment. (See *Lopez-Vinck, supra*, 68 Cal.App.5th at pp. 953–954.)

## DISPOSITION

Any portion of the $154 criminal justice administrative fee imposed pursuant to former Government Code section 29550.1 that remains unpaid as of July 1, 2021 and any administrative fees imposed pursuant to former

12

sections 1202.4, subdivision (l), and 2085.5 that remain unpaid as of January 1, 2022 are vacated.  The judgment as modified is affirmed in all other respects.

DO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


GUERRERO, J.